**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANTHONY LEWIS,

    Plaintiff,

        v.                                        Case No. 04-4134-RDR

FOUR B CORPORATION, et. al.,

    Defendants.

**ORDER**

    This matter comes before the court upon plaintiff's motion to amend complaint (Doc. 34). Defendants filed a response in opposition to plaintiff's motion (Doc. 39). The court has reviewed the file and is now prepared to rule.

    Plaintiff seeks to amend his complaint to add claims of First Amendment violation and of the violation of his civil rights under 42 U.S.C. § 1983. Defendants oppose the plaintiff's motion on numerous grounds and urge the court to deny it.

    The court initially finds that the plaintiff failed to comply with D. Kan. Rules 7.1 and 15.1. D. Kan. Rule 7.1(a) provides that all motions "shall be accompanied by a brief memorandum" in support thereof; D. Kan. Rule 15.1 provides that the party seeking leave to amend must attach the proposed amended pleading to the motion. While this noncompliance would allow the court to deny the motion on that basis alone, the court will address its merits. However, the plaintiff, having been previously warned to thoroughly comply with all the rules governing litigation in Federal courts, is advised that any future noncompliance with these rules may result in the summary denial of his requests or dismissal of his action.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleadings "by leave of court" and such "leave shall be freely given when justice so requires."

Plaintiff filed this action against the defendants for wrongful termination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff alleges discriminatory treatment on the basis of his race and gender. In his motion to amend, plaintiff requests permission to add claims based on First Amendment violation and of the violation of his civil rights under 42 U.S.C. § 1983. Defendants object, claiming that such amendment should not be allowed because it is duplicative of the allegations in the plaintiff's complaint, because defendants did not act under the color of state law, and because the decision by the National Labor Relations Board ("NLRB") not to issue a complaint on the basis of plaintiff's allegations of retaliation is not subject to review by this court. The court will address each of defendants' arguments in turn.

Defendants object to plaintiff's motion to amend on the grounds that the proposed new allegations are duplicative of the allegations contained in the original complaint. The court disagrees. Defendants support their position by pointing to some language in the plaintiff's motion regarding defendants' retaliation against the plaintiff in violation of Title VII. However, in the court's reading of the plaintiff's motion, with this language plaintiff does not attempt to raise a new claim. He simply repeats the allegations already made in the complaint alongside the new allegations plaintiff would like to add in the amended complaint. Defendants' objection to plaintiff's motion on this ground is overruled.

Defendants further state that the amendment should not be allowed because "plaintiff has failed to show and will be unable to show" that defendants took any actions under color of state law. While this may be a valid defense to a claim under 42 U.S.C. § 1983, the court believes that it would more properly be

2

raised in a motion to dismiss or a motion for summary judgment rather than in a response to a motion to amend a complaint. Only after a more thorough briefing of the issues will the court be able to determine whether the plaintiff was able to show entitlement to relief. As noted above, leave to amend should be freely given. Because the defendants will have ample opportunity to attempt to defeat the plaintiff's claim later in the case, the court believes plaintiff should be given a full opportunity to assert it now and to explain to the court how, in his view, the defendants' actions violated his civil rights. Defendants' objection to plaintiff's motion on this ground is overruled.

Finally, defendants claim that plaintiff's motion should be denied as an impermissible attempt to obtain review of the NLRB's refusal to issue a complaint on his charge of retaliation. Given the summary nature of the plaintiff's instant pleading, the court simply cannot make a determination at this time that this, indeed, is plaintiff's goal in seeking to amend his complaint. Once the amended complaint is filed, the court may have a better view of the plaintiff's intentions. Until then, the court finds defendants' conclusory allegation to be premature. Therefore, defendants' objection to plaintiff's motion on this ground is overruled.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend the complaint (Doc. 34) is granted. Plaintiff shall file an amended complaint with this court on or before May 17, 2005.

Dated this 3rd day of May, 2005, at Topeka, Kansas.

                                             s/K. Gary Sebelius
                                             K. Gary Sebelius
                                             U.S. Magistrate Judge