IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,

           Plaintiff,

vs.                               **Case No. 04-4134-RDR**

FOUR B CORPORATION, et al.,

           Defendants.

## MEMORANDUM AND ORDER

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964. The complaint has been amended recently to add a claim under 42 U.S.C. § 1983. This case is now before the court upon the motion to dismiss of defendants Ron Giangreco and Tom Wiseman, plaintiff's motion for summary judgment, and plaintiff's motion to "re-add" defendants Ron Giangreco and Tom Wiseman.

Recently, the court issued an order granting a motion to dismiss plaintiff's Title VII action against defendants Ron Giangreco and Tom Wiseman, who were sued as individuals for their actions as supervisors for plaintiff's former employer. We cited Tenth Circuit authority for the position that Title VII relief is available against the employer, not individual employees whose actions would constitute a violation of the Act. Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (quoting, Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993)).

Plaintiff has filed to a motion to "re-add" the individual defendants citing the Sauers case, as well as Pitre v. Western Electric Co., 843 F.2d 1262 (10th Cir. 1988) and Edwards v. Wallace Community College, 49 F.3d 1517 (11th Cir. 1995). We have examined these cases and do not find good cause for altering our previous decision. Therefore, the motion to "re-add" defendants shall be denied.

The motion to dismiss the individual defendants is directed at the remaining § 1983 claim. The individual defendants assert that dismissal is proper for lack of jurisdiction pursuant to Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6) because that plaintiff has failed to allege and cannot prove that they acted under color of state law. We construe plaintiff's pleadings liberally because plaintiff is proceeding pro se.

We choose to analyze this motion under the well-established standards governing motions to dismiss for failure to state a claim. A court may dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is

dispositive, Neitzke v. Williams, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, Maher, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, Witt v. Roadway Express, 136 F.3d 1424, 1428 (10th Cir. 1998).

"To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Pino v. Higgs, 75 F.3d 1461, 1464 (10th Cir. 1996) (quoting, 42 U.S.C. § 1983)).  Thus, in this case, plaintiff must allege facts which show that the individual defendants' conduct is fairly attributable to the state.  Id. at 1465.

In Pino, the court cited Lee v. Town of Estes Park, 820 F.2d 1112, 1114 (10th Cir. 1987) as explaining:

> "[I]n order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State."

No facts are asserted in the amended complaint or in any other pleading which would establish that defendant Ron Giangreco or defendant Tom Wiseman jointly engaged with state officials to

3

discriminate or retaliate against plaintiff or that they obtained significant aid from state officials to discriminate or retaliate against plaintiff.

For these reasons, plaintiff cannot prevail in the claims he attempts to raise against defendants Giangreco and Wiseman in the amended complaint.  Therefore, the court shall grant the motion to dismiss.

Plaintiff has filed a motion for summary judgment. Plaintiff's statement of facts in support of the motion, however, is not supported by references to depositions, answers to interrogatories, admissions or affidavits which support plaintiff's claim that he is entitled to judgment as a matter of law.  This is required by Local Rule 56.1 and FED.R.CIV.P. 56. Plaintiff has failed to establish that summary judgment is warranted.  Therefore, the court shall deny his motion for summary judgment.

Defendants Wiseman and Giangreco have again asked for an assessment of attorney's fees against plaintiff. Previously, the court has denied that request without prejudice.  Upon careful consideration, the court shall not assess attorney's fees against plaintiff at this time.  However, if plaintiff again files a motion before this court in this case seeking to bring a Title VII or a § 1983 claim against defendants Wiseman

and Giangreco, the court shall assess sanctions against plaintiff.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2005 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge