IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,

        Plaintiff,

vs.                                 **Case No. 04-4134-RDR**

FOUR B CORPORATION,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff has brought this action alleging claims under: Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), 42 U.S.C. § 1983, and the First Amendment of the Constitution. Plaintiff is proceeding pro se. Four B Corporation, plaintiff's former employer, is the remaining defendant in this matter. This case is now before the court upon cross-motions for summary judgment. A motion to strike is also pending.

The issues raised by the motions for summary judgment appear to be whether plaintiff can recover against defendant for being suspended and terminated in his employment by defendant. Plaintiff asserts that the suspension and termination were acts of race and sex discrimination. Plaintiff also asserts that defendant retaliated against him for filing complaints with the National Labor Relations

Board and the Equal Employment Opportunity Commission and for filing a prior lawsuit. Finally, plaintiff contends that defendant violated or retaliated against plaintiff for exercising his First Amendment rights to speak out against unfair employment practices and in support of his civil rights.

The court has recited the summary judgment standards in a previous order in this case:

> "Summary judgment is appropriate if the moving party demonstrates that there is 'no genuine issue as to any material fact' and that [he] is 'entitled to a judgment as a matter of law.' FED.R.CIV.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir. 2002). A fact is 'material' if, under the applicable substantive law, it is 'essential to the proper disposition of the claim.' Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)). An issue of fact is 'genuine' if 'there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.' Adler, 144 F.3d at 670 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
> 
> The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Spaulding, 279 F.3d at 904

>(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). . . ."

The movant must attempt to meet his burden by pointing "to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir.) <u>cert. denied</u>, 506 U.S. 1013 (1992). The Rules of Practice and Procedure for the District of Kansas require that the brief in support of a summary judgment motion refer with particularity to the portions of the record that support the material facts alleged beyond genuine dispute. Local Rule 56.1(a).

>"Once the movant has met this initial burden, the burden shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.' <u>Spaulding</u>, 279 F.3d at 904 (citing <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); <u>Anderson</u>, 477 U.S. at 256, 106 S.Ct. 2505; <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. <u>Anderson</u>, 477 U.S. at 256, 106 S.Ct. 2505; accord <u>Eck v. Parke, Davis & Co.</u>, 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, the nonmoving party must 'set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.' <u>Mitchell v. City of Moore, Oklahoma</u>, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting <u>Adler</u>, 144 F.3d at 671). To accomplish this, the facts 'must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.' <u>Adams</u>, 233 F.3d at 1246.
>
>Finally, the court notes that summary

>          judgment is not a 'disfavored procedural
>          shortcut;' rather, it is an important procedure
>          'designed to secure the just, speedy and
>          inexpensive determination of every action.'
>          <u>Celotex</u>, 477 U.S. at 327, 106 S.Ct. 2548
>          (quoting Fed.R.Civ.P. 1)."

Doc. No. 38, quoting, <u>Kennedy v. General Motors Corp.</u>, 226 F.Supp.2d 1257, 1261-62 (D.Kan. 2002).

<u>Title VII</u>

The court shall grant summary judgment to defendant as to plaintiff's Title VII claims for the following reasons.  First, while plaintiff may claim that he was retaliated against for filing a complaint with the National Labor Relations Board, Title VII does not provide a cause of action for such conduct.  Title VII prohibits discrimination on the basis of race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2(a).  It also prohibits discrimination against persons who have opposed practices made unlawful under Title VII.  42 U.S.C. § 2000e-3(a).  Title VII does not prohibit discrimination or retaliation against persons for filing a complaint with the National Labor Relations Board.

Second, "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination

submitted to the EEOC." MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). Defendant asserts without dispute that plaintiff's charge of discrimination with the EEOC did not mention sex discrimination. Therefore, we find that plaintiff's court claim cannot include sex discrimination. See Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 132-33 (4th Cir. 2002); Carter v. Sedgwick County, Kansas, 705 F.Supp. 1474, 1477 (D.Kan. 1988); see also Miller v. Smith, 584 F.Supp. 149, 155 (D.D.C. 1984).

Third, in Title VII cases, when plaintiff has shown a prima facie case of discrimination or retaliation, defendant can prevail on summary judgment if defendant shows that plaintiff could not demonstrate that a legitimate nondiscriminatory and nonretaliatory reason defendant articulated for the employment action was actually a pretext for illegal discrimination or retaliation. "On summary judgment, once the employer comes forward with a facially nondiscriminatory reason for an adverse employment decision, the plaintiff's burden is only to demonstrate a genuine dispute of material fact as to whether the proffered reasons were unworthy of belief." Morgan v. Hilti, Inc., 108 F.3d 1319, 1321 (10th Cir. 1997). Thus, demonstrating an issue of fact as to pretext "gets plaintiff over the hurdle of summary judgment." Id. at 1323 (interior

quotations omitted).

> Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons. . . . Mere conjecture that the employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment.

Id. (interior quotations and citations omitted). "The relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1318 (10th Cir. 1999).

In the instant case, defendant has supplied evidence that plaintiff was warned, suspended and eventually terminated for missing work, disrupting and harassing fellow employees and making threatening remarks to others. These are legitimate nondiscriminatory and nonretaliatory reasons for suspension and termination. Defendant has further demonstrated that plaintiff could not prove to a reasonable jury that defendant used these reasons for plaintiff's suspension and termination as a pretext for race or sex discrimination or retaliation in violation of Title VII. Plaintiff objects to the form of the evidence presented by defendant in support

of the summary judgment motion and states that these reasons were not offered at the time of his suspension and termination.  Plaintiff does not demonstrate, however, that there is a genuine issue of fact as to whether defendant believed in good faith that these reasons existed as grounds to suspend and terminate plaintiff.

Plaintiff has filed a motion to strike affidavits defendant has submitted in partial support of the motion for summary judgment.  It is permissible for the court to consider affidavits presented in connection with a summary judgment motion.  <u>Morrison Flying Service v. Deming National Bank</u>, 340 F.2d 430, 433 (10th Cir. 1965).  FED.R.CIV.P. 56 makes specific reference to affidavits.  The affidavits in this instance appear to be based upon personal knowledge as required by Rule 56.  Plaintiff has not presented persuasive grounds for rejecting the affidavits submitted by defendant.  Therefore, the court shall deny the motion to strike.

Our review of the record on summary judgment persuades the court that summary judgment should be granted against plaintiff's Title VII claim.

<u>§ 1983</u>

As the court stated in a previous order in this case:   " T o bring a claim under § 1983, a plaintiff must initially establish that

a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Pino v. Higgs, 75 F.3d 1461, 1464 (10th Cir. 1996) (quoting, 42 U.S.C. § 1983)).  Plaintiff has not alleged and cannot establish that defendant's actions are attributable to the State of Kansas.  Therefore, the court must grant summary judgment against plaintiff's § 1983 claim.           First Amendment

"[I]t is fundamental that the First Amendment prohibits governmental infringement on the right to free speech." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982).  Defendant is not a governmental entity.  It is a private corporation.  Therefore, plaintiff cannot bring a claim alleging a violation of the First Amendment by defendant.

For the above-stated reasons, plaintiff's motion for summary judgment shall be denied, plaintiff's motion to strike shall be denied, and defendant's motion for summary judgment shall be granted.

**IT IS SO ORDERED.**

Dated this 29th day of December, 2005 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge